UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JACK SHULMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

McDONALD'S USA, LLC,

    Defendant.

Case No. 2:25-cv-02327

**OPINION ON MOTION TO DISMISS**

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant McDonald's USA, LLC's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth herein, the Court finds that Plaintiff lacks standing to proceed in federal court. However, as this matter came before the court on removal from state court, the proper remedy is remand, not dismissal.

**I.    BACKGROUND**

This matter came before the Court on Defendant's notice of removal from the Superior Court of New Jersey, Union County. ECF No. 1. In his complaint, Plaintiff alleges, on behalf of himself and other similarly situated, that Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), by failing to maintain its website in a manner that facilitated complete and accurate rendering by screen-reading software, thereby denying blind and visually impaired individuals equal access to the website. Plaintiff alleges that he "has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons." Compl. ¶ 46. Plaintiff seeks injunctive and declaratory relief.[1]

On April 25, 2025, Defendant filed its motion to dismiss. In its motion, Defendant argues, first, that Plaintiff lacks standing; second, that assuming Plaintiff once had standing, the case is now moot as a result of Defendant's remedial efforts; and third, that in any event, Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendant's standing and mootness arguments are jurisdictional challenges raised under Rule 12(b)(1). Defendant's substantive argument is raised under Rule 12(b)(6).

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Perry v. Gonzales*,

---

[1] Though the complaint characterizes Plaintiff's request for declaratory relief as a second cause of action, ECF No. 1-1 ¶¶ 48-50, declaratory relief is a remedy, not an independent cause of action. *See Neuss v. Rubi Rose, LLC*, 2017 WL 2367059, *9 (D.N.J. May 31, 2017) ("[I]njunctive and declaratory relief are remedies—not independent causes of action.").

472 F. Supp. 2d 623, 626 (D.N.J. 2007) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)). Accordingly, the Court begins with Rule 12(b)(1).

## II.  12(b)(1) STANDARD

Rule 12(b)(1) provides the procedural vehicle for a party to move for dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Put differently, courts employ the same standard to assess a facial 12(b)(1) motion as they do when they assess a 12(b)(6) motion. When considering a factual attack on jurisdiction, "the court may consider evidence outside the pleadings." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). "Moreover, 'no presumptive truthfulness attaches to plaintiff's allegations, and ... the plaintiff [has] the burden of proof that jurisdiction does in fact exist." *Charlton v. C.I.R.*, 611 Fed. Appx. 91, 94 (3d Cir. 2015) (quoting *Mortensen*, 549 F.2d at 891).

"Occasionally," as here, "the Court must consider both facial and factual challenges to its subject matter jurisdiction." *Crystallex Int'l Corp. v. Bolivarian Repub. Of Venezuela*, 333 F. Supp. 3d 380, 388-89 (D. Del. 2018). "When a motion presents both types of attacks, the plaintiff must overcome both in order for its claims to proceed." *Id.*

## III.  STANDING

"A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (cleaned up). To establish standing, a plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "The primary element of standing," and the only one that the Court needs to address here, "is injury in fact, and it is actually a conglomerate of three components. To establish an injury in fact, a plaintiff must first show that he or she suffered an invasion of a legally protected interest. Second, a plaintiff must show that the injury is both concrete and particularized. Third, a plaintiff must also show that his or her injury is actual or imminent, not conjectural or hypothetical." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 479 (3d Cir. 2018) (cleaned up).

Here, the Court limits its analysis to whether Plaintiff has shown a concrete and particularized injury. Defendant argues both (A) that the complaint fails on its face to allege facts sufficient for the Court to infer that Plaintiff suffered a concrete and particularized injury; and (B) that as a factual matter the "injuries" that Plaintiff alleges are not particular to himself or to members of the putative class. On both points, the Court agrees.

### A. Facial Challenge

In order to demonstrate standing, a plaintiff must plead facts supporting the inference that he has suffered a concrete injury—not one that is merely conjectural or speculative. "Bare procedural or technical violations of a statute alone will not satisfy the concreteness requirement." *Cottrell v. Alcon Labs.*, 874 F.3d 154, 167 (3d Cir. 2017). In other words, even assuming that Defendant's website does violate the ADA, Plaintiff must still plead facts to show how the violation "resulted in a concrete harm that was particular to" him in order to satisfy Article III's standing requirements. *Id.*

Plaintiff's allegations of injury are as follows:

(1) the accessibility issues on Defendant's website "effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation," Compl. ¶ 21;

(2) Plaintiff "ha[s] been and [is] still being denied equal access to Defendant's website, and the numerous goods and services and benefits offered to the public through the Website," Compl. ¶ 26;

(3) "as a result of the barriers on the website, Plaintiff was unable to enjoy the same benefits as those who are sighted, such as enjoying special offers or deals available only on the website," Compl. ¶ 28; and

(4) the deficiencies with the website compromise Plaintiff's ability to "navigate the website and complete a desired transaction as sighted individuals do," Compl. ¶ 29.

The Court disregards the first of these allegations because it is effectively no more than a threadbare recitation of the applicable legal standard. *See Payne v. Butts*, 2022 WL 16916347, *1 (3d Cir. Nov. 14, 2022) ("When reviewing a complaint challenged by a motion to dismiss, we disregard formulaic recitation of the elements of a claim, legal conclusions, and threadbare or speculative assertions") (citing *Lutz v. Portfolio Recovery Assocs.*, 49 F.4th 323 (3d Cir. 2022)). The remaining alleged injuries, accepted as true for the purpose of this assessment, are insufficiently concrete to confer standing on Plaintiff because they fail to identify with particularity *what* benefits (*e.g.*, what special offers, discounts, goods, services, or ordering options) Plaintiff was prevented from receiving, and *what* injury (*e.g.* money, lost opportunity, time) Plaintiff sustained as a result. Mot. at 16. Plaintiff's allegation that he was injured by a lack of access to "special offers" without any description of the offers themselves is simply too vague and undefined to satisfy Article III's concreteness requirement. Plaintiff does not specify any actual website-exclusive special offers that Defendant's website failed to identify when accessed via screen-reader technology, nor does he identify any actual "goods and services" exclusive to the website to which his access might be impaired. He also does not identify any "transaction" which might be available to sighted website users but not to himself. Without such allegations, Plaintiff has failed to demonstrate injury fact, and lacks standing.

### B. Factual Challenge

If Plaintiff's allegations were facially sufficient, they would still fail to establish standing in light of Defendant's factual challenge. Defendant argues that, to the extent that the complaint alleges injury arising from an inability to place online orders and participate in website-exclusive offers, no such online ordering functionality or web-exclusive offers exists on the website at all.

*See* Mot. at 16. This argument, if successful, would be fatal to Plaintiff's standing because it would mean that Plaintiff's inability to leverage online-ordering technology and website-only special offers is not particular to the Plaintiff.²

To this end, McDonald's Senior Manager of Digital Accessibility Melissa Renae Jones submitted a declaration stating that:

> (1) "Food cannot be directly purchased on the website. Rather, the website provides links to the McDonald's App and other third-party websites or apps through which a customer may place orders for purchase of food items," Jones Decl., ECF No. 5-2, ¶ 2; and
>
> (2) "McDonald's website provides information about its regular menu items, as well as special promotions or deals that are available exclusively through the McDonald's App. The app exclusive" special promotions or deals cannot be redeemed on the website. The website also does not offer any 'coupons' that can be printed and redeemed at McDonald's physical restaurants. Except for 'app exclusive' promotions or deals, other special pricing, such as combo meals and McValue items, are available in McDonald's physical restaurants," *id.* ¶ 3 (emphasis added).³

Plaintiff offered no evidence or testimony to controvert the facts asserted in the Jones Declaration. Instead, he responded to Defendant's factual attack by arguing that "although Defendant contends that one is not able to order food through the site, the website still is a conduit to the goods because it both allows a consumer to find the location of a physical location, and at the very least connects the consumer to Defendant's app, where one *can* order the food." Opp. at 11. But Plaintiff has not been injured by an impaired ability to identify the locations of nearby McDonald's locations—indeed, he admits in his complaint that he already "goes to and purchases from Defendant." Compl. ¶ 28. And Plaintiff's argument that his injury derives from an impaired ability to navigate through the McDonalds website with the end-goal of accessing the McDonald's App appears nowhere in his complaint. *See Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Because Plaintiff's complaint fails to allege concrete and particularized harm, he lacks standing.⁴

---

² "For an injury to be 'particularized,' is 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560 n.1); *see also U.S. v. Richardson*, 418 U.S. 166, 176–77 (1974) (no standing to bring suit where harm alleged was "plainly undifferentiated and common to all members of the public." (internal citation omitted)).

³ The complaint includes no allegation about ADA compliance, or lack thereof, with respect to the McDonald's App, which apparently does facilitate online ordering and provide access to special offers and discounts.

⁴ The Court does not reach Defendant's alternative jurisdictional argument that the case is now moot. "For a case to be moot in the Article III sense, all plaintiffs **who once had Article III standing** must have lost it[.]" *Gulden v. Exxon Mobil Corp.*, 119 F.4th 299, 305 (3d Cir. 2024) (emphasis added); *see also Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 8-9 (2023) (Thomas, J., concurring) ("As an analytical matter, whether [Plaintiff] had standing the day she filed her suit is logically antecedent to whether" the case was subsequently rendered moot.").

## IV. REMAND

Defendant seeks dismissal. But where, as here, a dispute originates in state court and is removed to federal court, if "at any time before final judgment it appears that the district court lacks jurisdiction," the case should be remanded to its originating court. *See* 28 U.S.C. § 1447(c); *see also Heaven v. Prime Hydration LLC*, 761 F. Supp. 3d 812, 821 (E.D. Pa. 2025). "Because this Court lacks subject-matter jurisdiction on account of Plaintiff's lack of Article III standing, this matter must be remanded" to the Superior Court of New Jersey, Union County. *Heaven*, 761 F. Supp. 3d at 821. "Additionally, because this Court finds that this case should be remanded, Defendant's motion to dismiss is denied, as moot. As such, the Court needs not address the other arguments raised in Defendant's motion to dismiss." *Id.* at 821–22.

## V. CONCLUSION

For the foregoing reasons, this matter is **REMANDED** to the Superior Court of New Jersey, Union County. Defendant's motion to dismiss is **DENIED AS MOOT**. An appropriate order follows.

June 10, 2025

WILLIAM J. MARTINI, U.S.D.J.